## INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION

Effective December 1, 2012

**PART I: INTRODUCTION**

In applicable employment cases alleging adverse action, Judge Bryant requires the parties to utilize the following Initial Discovery Protocols which have been endorsed by the Civil Rules Advisory Committee and are designed to achieve the goal of more efficient and targeted discovery.  This discovery shall be responded to without objections (except attorney-client privilege and work product).

These Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure or other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(l). The purpose of the initial protocols is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

These initial discovery protocols will apply to all employment cases that challenge one or more actions alleged to be adverse, except:

  A. Class actions
  B. Cases in which the allegations involve only the following:
     1. discrimination in hiring,
     2. harassment/hostile work environment,
     3. violations of wage and hour laws under the Fair Labor Standards Act (FLSA),
     4. failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA),
     5. violations of the Family Medical Leave Act (FMLA), and
     6. violations of the Employee Retirement Income Security Act (ERISA).

Any party who believes that there is good cause why a particular case should be exempted, in whole or in part, from these protocols may seek exemption by motion.

**PART II: DEFINITIONS AND INSTRUCTIONS**

1

**(1) The following definitions apply to cases proceeding under the Initial Discovery Protocols**

  a. *Concerning*. The term "concerning" means referring to, describing, evidencing, or constituting.
  b. *Document*. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).
  c. *Identify (Documents)*. When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.
  d. *Identify (Persons)*. When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**(2) Instructions**

  a. For this Initial Discovery, the relevant time period begins three years before the date of the adverse action, unless otherwise specified.
  b. This Initial Discovery is not subject to objections except upon the grounds set forth in F.R.C.P. 26(b)(2)(B).
  c. If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.
  d. This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation and F.R.C.P. 26(g) regarding certification of responses.
  e. This Initial Discovery is subject to F.R.C.P. 34(b)(2)(E) regarding form of production.

**PART III: PRODUCTION BY PLAINTIFF**

**(1) Timing**

a. The plaintiff's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the Court rules otherwise.

**(2) Documents that Plaintiff must produce to Defendant**

a. All communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant.
b. Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.
c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.
d. Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.
e. Diary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit.
f. The plaintiff's current resume(s).
g. Documents in the possession of the plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.
h. Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment.  The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena.  If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.
i. Documents concerning the termination of any subsequent employment.
j. Any other document(s) upon which the plaintiff relies to support the plaintiff's claims.

**(3) Information that Plaintiff must produce to Defendant**

a. Identify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.
b. Describe the categories of damages the plaintiff claims.
c. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been

granted, and the nature of the award, if any.  Identify any document concerning any such application.

**PART IV: PRODUCTION BY DEFENDANT**

**(1) Timing**

a. The defendant's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the Court rules otherwise.

**(2) Documents that Defendant must produce to Plaintiff**

a. All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
    i. the plaintiff and the defendant, and
    ii. the plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).
b. Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.
c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.
d. The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiffs supervisor(s), manager(s), or the defendant's human resources representative(s), irrespective of the relevant time period.
e. The plaintiff's performance evaluations and formal discipline.
f. Documents relied upon to make the employment decision(s) at issue in this lawsuit.
g. Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action.  Depending upon the case, those may include policies or guidelines that address:
    i. discipline,
    ii. termination of employment,
    iii. promotion,
    iv. discrimination,
    v. performance reviews or evaluations,
    vi. misconduct,
    vii. retaliation, and

4

      viii.    nature of the employment relationship.

h. The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action.
i. Job description(s) for the position(s) that the plaintiff held.
j. Documents showing the plaintiff's compensation and benefits. Those normally include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.
k. Agreements between the plaintiff and the defendant to waive jury trial rights or to arbitrate disputes.
l. Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.
m. Documents in the possession of the defendant and/or the defendant's agent(s) concerning claims for unemployment benefits unless production is prohibited by applicable law.
n. Any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action.

**(3) Information that Defendant must produce to Plaintiff**

a. Identify the plaintiff's supervisor(s) and/or manager(s).
b. Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.
c. Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.
d. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.