```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


TERRI WILLIAMS, ET AL.,         :
                                :
     Plaintiffs,                :
                                :
v.                              :    Case No. 3:15-cv-465 (RNC)
                                :
SCOTT SEMPLE,                   :
                                :
     Defendant.                 :
```

RULING AND ORDER

    Plaintiffs, employees of the Connecticut Department of Correction ("DOC"), bring this action under 42 U.S.C. § 1983 against DOC Commissioner Scott Semple in his official capacity claiming that they have been subjected to race discrimination and retaliation by DOC in the context of promotional opportunities. The complaint includes allegations regarding each of the named plaintiffs as well as general allegations regarding a "history of discrimination and retaliation" by DOC. See Compl. (ECF No. 1) at 6. As remedies, plaintiffs seek injunctive relief, a declaratory judgment that the practices alleged are unlawful, discriminatory, and retaliatory, and fees and costs.

    Defendant has moved to dismiss the complaint in its entirety on several grounds, including the statute of limitations and the Eleventh Amendment. The Court will not address the validity of those grounds at this time because, as a preliminary matter, the claims of the five plaintiffs are not properly joined in this

1

action.[1]  To rectify the improper joinder, the claims of the four plaintiffs other than Terri Williams, the first-named plaintiff, will be severed and dismissed without prejudice to refiling in separate actions.  In light of this disposition, the motion to dismiss is denied without prejudice.

This case has been filed as a putative class action.  But no motion for class certification was filed or proposed until the deadline for such a motion had long passed.[2]  Plaintiffs have not shown good cause for extending the deadline.  Moreover, there is little point in granting plaintiffs an opportunity to seek class certification, as the Supreme Court recently instructed that the class action device may not be used to aggregate entity-wide employment discrimination claims without "some glue holding the alleged reasons for all those [employment] decisions together." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2552 (2011).

This Court has already determined that the plaintiffs'

---

[1] Because the status of sovereign immunity as an issue of subject matter jurisdiction or an affirmative defense is an open question in the Second Circuit, see Moore v. Connecticut Dep't of Correction, No. 3:14-CV-01002 JAM, 2015 WL 778626, at *2 n.2 (D. Conn. Feb. 24, 2015), the Court need not address the defendant's Eleventh Amendment argument at this time.

[2] The Standing Order on Scheduling in Civil Cases provides that motions for class certification must be filed within 60 days after the filing of the complaint.  See Order on Pretrial Deadlines (ECF No. 2) at (b).  The complaint was filed on March 31, 2015, so the deadline to file a motion seeking class certification was May 30, 2015.  Plaintiffs' proposed motion for class certification was not filed until October 6, 2015.  See ECF No. 27-1.

claims are not properly joined under Fed. R. Civ. P. 20.  See Igidi v. Department of Correction, 13-cv-1338, ECF No. 29.  These five plaintiffs were part of the group of plaintiffs that attempted to join their claims in the Igidi case.  The Court severed the claims as improperly joined because the plaintiffs "held different jobs at different institutions and complain of distinct alleged acts of discrimination by unrelated actors over a period of more than a decade."  Id.  In light of the severance, the Court dismissed the claims without prejudice to refiling in separate actions.

Plaintiffs respond that their claims should not suffer the same fate as in the Igidi case because this action asserts more limited claims against DOC based on failures to promote.  However, these individual disparate treatment claims are no more suited to joinder now than they were at the time of the Court's prior ruling.

Pursuant to Fed. R. Civ. P. 21, the usual remedy for improper joinder is severance.  See Nassau Cty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co., 497 F.2d 1151, 1154 (2d Cir. 1974).  As in Igidi, the Court exercises its discretion under Fed. R. Civ. P. 21 to sever the claims brought by each plaintiff.  Plaintiff Williams, as the first-listed plaintiff, may pursue her claims in this action, and the claims of the other four plaintiffs are dismissed without prejudice to refiling in

separate actions.  See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Dolan v. Safeco Ins. Co. of Indiana, 297 F.R.D. 210, 213 (E.D.N.Y. 2014).  To the extent defendant has defenses to the claims asserted in this action, defendant remains free to assert them here and in any other action filed as a result of the severance.

Accordingly, the motion to dismiss is hereby denied without prejudice.  The claims of the four plaintiffs other than Terri Williams are severed and dismissed without prejudice to refiling in separate actions.  If plaintiff Williams wishes to proceed with this action, she is directed to file and serve on or before April 29, 2016 an amended complaint containing her own claims under § 1983.  Discovery in this matter will continue to be stayed, see Order Granting Motion to Stay Discovery (ECF No. 34), until an amended complaint is filed.  If an amended complaint has not been filed by April 29, 2016, the action will be dismissed.

So ordered this 31st day of March 2016.

                                                /s/ RNC
                                          Robert N. Chatigny
                                   United States District Judge